UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

MARLON HOLDER,

                               Plaintiff,

                        -against-

CITY OF NEW YORK, UNDERCOVER POLICE OFFICER JOHN
DOE (Shield No. 7975), JAMES LEE, ERIC BECKEL, THOMAS
SIKINGER, CHRISTOPHER HIRSCH, JOSEPH OLIVERIO,
RONALD LUPARELLO, CLEVELAND FRANCIS, and JOHN
and JANE DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                               Defendants,

----------------------------------------------------------------------X

**AMENDED COMPLAINT**

08 CV 4594
(ENV)(SMG)

Jury Trial Demanded

       Plaintiff MARLON HOLDER, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

       1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

       2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. At all relevant times herein plaintiff MARLON HOLDER was a resident of Queens County.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants UNDERCOVER POLICE OFFICER JOHN DOE (Shield No. 7975), JAMES LEE, ERIC BECKEL, THOMAS SIKINGER, CHRISTOPHER HIRSCH, JOSEPH OLIVERIO, RONALD LUPARELLO, CLEVELAND FRANCIS JOHN and JANE DOE 1 Through 10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On August 16, 2007, at approximately 5:30 p.m., plaintiff was lawfully in the vicinity of Parsons Boulevard and 72nd Ave., in Queens County.

14. At the aforesaid time and place, several of the defendants, acting in their capacity as members a New York City Police Department narcotics division field team, unlawfully and unjustifiably stopped, seized, searched, assaulted, battered, and arrested the plaintiff by, among other things, brutally tackling plaintiff from behind, throwing plaintiff into a vehicle, and throwing plaintiff on the ground, despite the absence of any probable cause or other justification to do so. Mr. Holder was handcuffed with over tightened handcuffs. While plaintiff was handcuffed, the defendants kicked him in his ribs, punched him about his face, kneed him on his head, and struck plaintiff in his eye with the antenna of a police radio. The officers thereafter picked Mr. Holder off of the ground, threw him into a vehicle, and proceeded to unlawfully search his person and clothing. The officers thereafter struck plaintiff without justification on his back and the side of his head, and grabbed him and threw him into a police vehicle. Plaintiff was

3

detained and taken against his will to the NYPD 107th Precinct, where plaintiff was subjected to an unlawful strip search wherein plaintiff was ordered to remove all of his clothing, to squat and cough, and to lift his genitals. During the aforementioned arrest process, plaintiff's handcuffs remained over tightened by the arresting defendants, who refused to loosen them despite numerous requests by the plaintiff. Plaintiff was falsely arrested and charged by the defendants with committing, among other things, a class B felony offense as defined by the New York Penal Law, based on the false statements of defendant UNDERCOVER POLICE OFFICER JOHN DOE (Shield No. 7975), and the arresting officer, defendant JAMES LEE, all under the supervision and with the approval of supervisory defendant ERIC BECKEL. The defendants caused plaintiff to be held in jail until his arraignment in Queens County Criminal Court late in the evening on August 17, 2007. Although plaintiff had never been in any trouble with the law, bail was set based on the severity of the defendants' false allegations, and plaintiff was consequently incarcerated at the Department of Correction Barge in the Bronx, until on or about August 22, 2007. Despite the defendants' attempts to lock plaintiff up for years to cover up their acts of brutality, the presiding Criminal Court judge granted plaintiff an adjournment of the case in contemplation of dismissal, or what is referred to as an A.C.D., pursuant to New York Criminal Procedure Law § 170.55. The arrest and prosecution were thereafter dismissed, sealed and otherwise deemed legal nullities on February 21, 2008, when the A.C.D. expired.

15. All of the above occurred while the other defendant NYPD officers who were present while the above described misconduct was taking place, or were otherwise aware of it and had a meaningful opportunity to intercede, failed to intervene in the illegal conduct described herein.

16. As a result of the foregoing, plaintiff MARLON HOLDER sustained, *inter alia*,

physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

19. All of the aforementioned acts deprived plaintiff MARLON HOLDER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MARLON HOLDER'S constitutional rights.

25. As a result of the aforementioned conduct of defendants, plaintiff MARLON HOLDER was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants arrested plaintiff MARLON HOLDER without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

28. Defendants caused plaintiff MARLON HOLDER to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

31. As a result of the foregoing, plaintiff MARLON HOLDER was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants issued criminal process against plaintiff MARLON HOLDER by causing him to be arrested and prosecuted in a criminal court.

34. Defendants caused plaintiff MARLON HOLDER to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and use of excessive force, and thereby violated plaintiff's right to be free from malicious abuse of process.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The strip search of the plaintiff herein was conducted in the absence of individualized reasonable suspicion that plaintiff possessed or was secreting any contraband or weapon at the time of his search.

37. As a result of the aforementioned conduct of defendants, plaintiff MARLON HOLDER's Fourth Amendment Rights were violated.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants had an affirmative duty to intervene on behalf of plaintiff MARLON HOLDER, whose constitutional rights were being violated in their presence by other officers.

40. The defendants failed to intervene to prevent the unlawful conduct described herein.

41. As a result of the foregoing, plaintiff MARLON HOLDER was put in fear of his safety, he was humiliated, and subjected to unjustified physical abuse and tight handcuffing. Further, plaintiff sustained severe and permanent physical injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping,

searching and seizing citizens of minority descent and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MARLON HOLDER'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARLON HOLDER.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARLON HOLDER as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARLON HOLDER as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MARLON HOLDER was subjected to physical abuse and tight handcuffing.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARLON HOLDER'S constitutional

rights.

52. All of the foregoing acts by defendants deprived plaintiff MARLON HOLDER of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force;

    B. To be from false arrest;

    C. To be free from malicious abuse of process;

    D. To be free from unlawful strip searches;

    E. To be free from the failure to intervene; and

    F. To receive equal protection under law.

53. As a result of the foregoing, plaintiff MARLON HOLDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

56. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

57. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

58. Plaintiff has complied with all conditions precedent to maintaining the instant action.

59. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. As a result of the foregoing, plaintiff MARLON HOLDER was placed in apprehension of imminent harmful and offensive bodily contact.

62. As a result of defendant's conduct, plaintiff MARLON HOLDER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants made offensive contact with plaintiff without privilege or consent.

65. As a result of defendant's conduct, plaintiff MARLON HOLDER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

66. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

68. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

69. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

70. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MARLON HOLDER.

71. As a result of the aforementioned conduct, plaintiff MARLON HOLDER suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the physical abuse of plaintiff MARLON HOLDER.

74. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff MARLON HOLDER.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Defendants arrested plaintiff MARLON HOLDER without probable cause.

81. Plaintiff was detained against his will for an extended period of time and

subjected to physical restraints.

82. As a result of the aforementioned conduct, plaintiff MARLON HOLDER was unlawfully imprisoned in violation of the laws of the State of New York.

83. As a result of the aforementioned conduct, plaintiff MARLON HOLDER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84. As a result of the foregoing, plaintiff MARLON HOLDER is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants issued criminal process against plaintiff by causing him to be arrested, arraigned and prosecuted in criminal court.

87. Defendants caused plaintiff to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Plaintiff was strip searched by the defendants, despite the lack of any

individualized reasonable suspicion that plaintiff may have been in possession of contraband or a weapon at the time the search was conducted.

90. As a result of the aforementioned conduct of defendants, plaintiff MARLON HOLDER was strip searched in violation of New York law.

**AS AND FOR A NINETEENTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

91. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

**WHEREFORE**, plaintiff MARLON HOLDER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 17, 2009

LEVENTHAL & KLEIN, LLP
45 Main St., Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff MARLON HOLDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

MARLON HOLDER,

                        Plaintiff,

        -against-

CITY OF NEW YORK, UNDERCOVER POLICE OFFICER JOHN DOE (Shield No. 7975), JAMES LEE, ERIC BECKEL, THOMAS SIKINGER, CHRISTOPHER HIRSCH, JOSEPH OLIVERIO, RONALD LUPARELLO, CLEVELAND FRANCIS, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

-------------------------------------------------------------------------X

08 CV 4594
(ENV)(SMG)

# AMENDED COMPLAINT

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff MARLON HOLDER
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100